| | |
|---|---|
| **EVA JANE POULLARD AND DANIELLA POULLARD** | **CASE NO.:**     **DIV. "___"** |
| | **15ᵀᴴ JUDICIAL DISTRICT COURT** |
| **versus** | **PARISH OF LAFAYETTE** |
| **BREANNA A. HIGHTOWER, MCH TRANSPORTATION COMPANY, AND CHEROKEE INSURANCE COMPANY** | **STATE OF LOUISIANA** |

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes plaintiffs, **EVA JANE POULLARD AND DANIELLA POULLARD,** residents and domiciliaries of the Parish of St. Landry, State of Louisiana, and persons of the full age of majority, who respectfully represents:

1.

This Court has jurisdiction given that an action on an insurance policy, other than a life insurance or accident insurance policy, may be brought in the parish where the loss occurred, or the insured is domiciled under La. Code Civ. Proc. art. 76.

2.

Made defendants herein are:

a. **BREANNA A. HIGHTOWER,** a person of the full age of majority, who may be served at 2 Prince Street, Walnut Grove, Mississippi 39189 *(Plaintiffs request citation via Louisiana Long Arm Statute)*;

b. **MCH TRANSPORTATION CO,** a foreign limited liability company, authorized to do and doing business in the State of Louisiana, who may be served through its agent for service of process, MCH Transportation Company, Attention Benin Watkins, P.O. Box 7764, Jackson, Mississippi 39284 *(Plaintiffs request citation via Louisiana Long Arm Statute)*; and

c. **CHEROKEE INSURANCE COMPANY,** a foreign insurance company authorized to do and doing business in the State of Louisiana, who may be served through its designated agent for service of process, Honorable R. Kyle Ardoin, Secretary of State, 8585 Archives Ave., Baton Rouge, Louisiana 70809.

3.

The above-named defendants are justly and truly indebted, jointly and *in solido*, EVA JANE POULLARD and DANIELLA POULLARD (hereinafter referred to as "PLAINTIFFS"), for damages, injuries, and losses sustained, together with legal interest from the date of judicial demand, costs of these proceedings, and other general and equitable relief described below for these reasons:

4.

On or about June 16, 2021, plaintiffs, were guest passengers in a 2008 Nissan Altima in Lafayette, Lafayette Parish, State of Louisiana.

5.

At approximately the same time and place, BREANNA A. HIGHTOWER (hereinafter referred to as "HIGHTOWER"), was the operator with permission of a 2021 Freightliner Tractor, pulling a box trailer owned by DEFENDANT, MCH TRANSPORTATION COMPANY.

6.

At or around 10:36 am on the date indicated above, the plaintiffs, EVA JANE POULLARD and DANIELLA POULLARD, were guest passengers traveling southbound in the right lane on the 300 block of Northwest Evangeline Thruway in the City of Lafayette, Parish of Lafayette, State of Louisiana.

7.

Defendant, HIGHTOWER, was also traveling southbound in the center lane on the 300 block of Northwest Evangeline Thruway in the City of Lafayette, Parish of Lafayette, State of Louisiana.

8.

As HIGHTOWER attempted to merge into the right lane, she failed to see the POULLARD vehicle and caused the collision.

9.

The defendant, HIGHTOWER, failed to see what she should have seen under the circumstances and struck Plaintiff's vehicle causing the injuries, damages, and losses complained of *infra*.

10.

In no way did EVA JANE POULLARD or DANIELLA POULLARD contribute to causing the collision with HIGHTOWER's vehicle.

11.

The collision described above was caused by the recklessness, carelessness, and fault of HIGHTOWER in the following non-exclusive particulars, each of which singularly or combined with the others, was a proximate cause of the occurrence in question:

A.   In failing to keep a proper lookout;

B.   In failing to keep her vehicle under proper control;

C.   In creating an unreasonable risk of harm;

D.   In exercising less care than what would be expected of an ordinarily prudent person under the same or similar circumstances;

E.   In violating safety rules required for the safe operation of a motor vehicle;

F.   In failing to steer the automobile properly so as to avoid striking the plaintiffs' vehicle;

G.   In operating her vehicle in a wanton and reckless manner with no regard for the safety and rights of others;

H.   In failing to avoid what was directly in front of her path of travel;

I.   In failing to see what she should have seen under the circumstances;

J.   In failing to use due care;

K.   In failing to take proper evasive action to avoid a collision;

L.   In driving her automobile in a careless and reckless manner under the circumstances endangering the life, limb, or property persons sharing the roadway in violation of La. R.S. 32:58;

M.   In failing to be attentive while operating a motor vehicle;

N.   In failing to timely (or properly) apply brakes;

O.   In failing, generally, to exercise a degree of care commensurate with the existing circumstances at the time of the collision;

P.   All other acts of negligence or fault in violation of the traffic ordinances of the applicable Parish which are pleaded as if copied *in extenso*;

Q.   All other acts of negligence or fault in violation of Title 32 of the laws of the Louisiana Revised Statutes that are pleaded as if copied *in extenso*;

R.   Such other acts of negligence, omissions, and/or legal fault that will be discovered, all of which violated the exercise of due care and prudence, to be shown at the time of trial or revealed through discovery.

12.

At all times herein, EVA JANE POULLARD and DANIELLA POULLARD were free from fault in causing said accident; further, the accident was solely and proximately caused by the negligence and/or strict liability of HIGHTOWER, whose acts of negligence and/or strict liability include:

A.    Driving a vehicle in an unsafe, reckless and dangerous manner;

B.    Failing to be attentive and/or observe surrounding traffic;

C.    Failing to see what she should have seen;

D.    Failing to keep proper lookout; and

E.    Failing to exercise the last chance to avoid the accident.

13.

The acts and/or omissions of HIGHTOWER caused the collision at the 300 block of Northwest Evangeline Thruway as described above, which resulted in EVA JANE POULLARD and DANIELLA POULLARD sustaining severe personal injuries and suffering severe mental anguish for which EVA JANE POULLARD and DANIELLA POULLARD sought medical treatment.

14.

The combined fault, negligence, and/or recklessness of HIGHTOWER was the proximate cause of EVA JANE POULLARD's injuries including, but not limited to:

A.    Back;

B.    Head;

C.    Hip;

D.    Neck;

E.    Left Shoulder; and

F.    All other injuries to be discovered and shown at trial.

15.

The combined fault, negligence, and/or recklessness of HIGHTOWER was the proximate cause of DANIELLA POULLARD's injuries including, but not limited to:

A.  Back;

B.  Neck;

C.  Head;

D. Legs;

E. Shoulders; and

F. All other injuries to be discovered and shown at trial.

16.

Because of the combined fault, negligence, and/or recklessness of HIGHTOWER in causing the collision described above, EVA JANE POULLARD sustained injuries and losses including, but not limited to, the following:

A. Household expenses;

B. Loss of enjoyment of life (past and future);

C. Medical expenses (past and future);

D. Mental pain, anguish, and distress (past and future);

E. Physical pain and suffering (past and future);

F. Prescription medication expenses (past and future);

G. Other elements of damages developed during discovery and/or demonstrated at the trial of this matter.

17.

Because of the combined fault, negligence, and/or recklessness of HIGHTOWER in causing the collision described above, DANIELLA POULLARD sustained injuries and losses including, but not limited to, the following:

A. Household expenses;

B. Loss of enjoyment of life (past and future);

C. Medical expenses (past and future);

D. Mental pain, anguish, and distress (past and future);

E. Physical pain and suffering (past and future);

F. Prescription medication expenses (past and future);

G. Other elements of damages developed during discovery and/or demonstrated at the trial of this matter.

18.

Upon information and belief, at all times pertinent hereto, defendant, HIGHTOWER, was employed by defendant, MCH TRANSPOTATION COMPANY, and at the time of the collision was in the course and scope of employment for MCH TRANSPOTATION COMPANY. Plaintiffs, therefore, pleads the doctrine of respondent superior, vicarious liability, and La. Civ. Code art. 2320.

19.

On and before November 21, 2019, defendant, CHEROKEE INSURANCE COMPANY, issued an automobile liability policy, insuring MCH TRANSPOTATION COMPANY and HIGHTOWER, as a permissive operator, against liability for fault and acts of negligence and gross negligence, including the negligent acts described herein. Plaintiff is informed, believes, and, therefore alleges this policy was in full force and effect at the time of the collision sued on herein.

20.

HIGHTOWER, MCH TRANSPOTATION COMPANY and CHEROKEE INSURANCE COMPANY are, therefore, liable *in solido* to for the damages sustained in and arising from said collision.

21.

The plaintiffs, EVA JANE POULLARD and DANIELLA POULLARD, are therefore entitled to damages for the items set forth above in such amounts as are reasonable under the premises.

**WHEREFORE**, Plaintiffs pray that this petition be deemed good and sufficient, and that the same be served upon defendants herein, ordering them to answer the allegations contained; that after all legal delays and due proceedings are had, that there be judgment in favor of plaintiffs, EVA JANE POULLARD and DANIELLA POULLARD, and against defendants, HIGHTOWER, MCH TRANSPOTATION COMPANY and CHEROKEE INSURANCE COMPANY, individually, jointly, and *in solido*, in an amount commensurate with the damages enumerated hereinabove, together with legal interest from date of this demand and for all costs of these proceedings. Plaintiffs further prays for all general and equitable relief as this Honorable Court deems fit.

Petition for Damages & Request for Notice | 200243 & 200241 | February 15, 2022

RESPECTFULLY SUBMITTED:

## FEUCHT LAW FIRM, LLC

By: _____

Charles Stanislaus "Stan" Feucht (#35124)
440 North 2nd Street
Eunice, Louisiana 70535
T: (337)550-1115
F: (337)550-1115
E: stan@feuchtlaw.com
*Attorney for Plaintiffs*

### PLEASE SERVE:

### BREANNA A. HIGHTOWER
2 Prince Street
Walnut Grove, MS 39189
*Plaintiffs request citation via Louisiana Long Arm Statute*

### MSH TRANSPORTATION CO
by and through its registered agent for service of process
MCH Transportation Company
ATTN: Benin Wakins
P.O. Box 7764
Jackson, MS 39284
*Plaintiffs request citation via Louisiana Long Arm Statute*

### CHEROKEE INSURANCE COMPANY
by and through its registered agent for service of process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

Petition for Damages & Request for Notice | 200243 & 200241 | February 15, 2022